IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-253-KS

| | |
|---|---|
| SELENA LOPEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Selena Lopez ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of her application for supplemental security income ("SSI"). The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. On March 27, 2023, the court held oral argument in this matter. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, the court denies Plaintiff's Motion for Judgment on the Pleadings, grants Defendant's Motion for Judgment on the Pleadings, and affirms the Commissioner's decision.

## STATEMENT OF THE CASE

Plaintiff applied for SSI on August 1, 2016. (R. 12, 385–91.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (R. 12, 263, 305, 321–23.) A hearing was held on November 8, 2018, before Administrative Law Judge ("ALJ") Joseph L. Brinkley, who issued an unfavorable ruling on February 27, 2019. (R. 9–27, 221–62.) On February 3, 2020, the Appeals Council denied Plaintiff's request for review. (R. 1–6.) At that time, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 416.1481. On March 18, 2020, Plaintiff initiated an action in this court, seeking judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g). *Lopez v. Saul*, No. 5:20-CV-103-BO (E.D.N.C. filed Mar. 18, 2020). On November 18, 2020, after a motion to remand from the Commissioner and with consent of Plaintiff, the court reversed and remanded the matter to the Commissioner pursuant to sentence four. *Id.*, No. 5:20-CV-103-BO, ECF No. 32 (E.D.N.C. Nov. 18, 2020).

Upon remand from this court, the Appeals Council remanded the matter to ALJ Brinkley for another hearing. (R. 3356–62.) ALJ Brinkley conducted another hearing and again issued an unfavorable ruling. (R. 3225–96.) On April 29, 2022, the Appeals Council denied Plaintiff's request for review of ALJ Brinkley's second ruling. (R. 3219–24.) Plaintiff initiated this action on June 30, 2022, seeking judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g).

# DISCUSSION

## I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 416.920(a)(4); *Albright v. Comm'r of SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th. Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id*. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's residual functional capacity] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). "If the Commissioner meets [this] burden, the ALJ finds the claimant not disabled and denies the application for benefits." *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015).

### III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act ("the Act"). At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 1, 2016, the application date. (R. 3232.) Next, the ALJ determined Plaintiff has the severe impairments of anxiety, depression, headaches, and irritable bowel syndrome. (*Id.*)

At step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (R. 3232.) The ALJ expressly considered Listings 5.06, 11.02, 12.04, and 12.06. (R. 3232–34.)

Before proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff has

> the residual functional capacity to perform medium work, as defined in 20 CFR 416.967(c), except that she: is unable to climb ladders, ropes, and scaffolds, cannot work around dangerous, moving mechanical parts and unprotected heights, can occasionally use the bilateral lower extremities to operate foot and leg controls; and can work in a moderate noise environment. She has a reasoning level of "1" and is capable of doing very short and simple instructions in two-hour intervals, involving routine and repetitive tasks. [Plaintiff] can have occasional, superficial interaction with the general public and occasional, direct interaction with co-workers that would not require her to work in tandem or in teams with them, and she can have occasional, direct interaction with supervisors. [Plaintiff] is limited to working in an environment in which there is little change in its structure. She can perform jobs not requiring her to complete a specific number of production quotas on a defined timeline or do fast-paced assembly line work. She requires unimpeded access to the restroom during regularly scheduled breaks.

(R. 3234–35.) In making this assessment, the ALJ stated that she considered Plaintiff's symptoms and the evidence (both "objective medical" and "other") based on

5

the requirements of 20 C.F.R. § 416.929, and SSR 16–3p, 2017 WL 5180304 (Oct. 25, 2017), and found Plaintiff's statements concerning the intensity, persistence, and limiting effects of Plaintiff's symptoms "generally inconsistent with the medical evidence and other evidence in the record." (R. 3235, 3237.) At step four, the ALJ concluded that Plaintiff has no past relevant work. (R. 3244.) At step five, the ALJ determined, based upon Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, namely: laundry laborer (DOT #361.687-018), can filler (DOT #922.687-030), and wood handler (DOT #921.687-034). The ALJ concluded that Plaintiff has not been disabled under the Act since August 1, 2016, the application date. (R. 3245.)

IV. Plaintiff's Argument

Plaintiff contends ALJ Brinkley erred by not making specific findings regarding the RFC limitation to "unimpeded access to the restroom during regularly scheduled breaks." (Pl.'s Mem. Supp. Mot. J. Pldgs. [DE #20] at 4–7.) More specifically, Plaintiff contends there is nothing "in the record or in the ALJ's discussion of the evidence that demonstrates that [Plaintiff]'s diarrhea would only occur on regularly scheduled work breaks" and that ALJ Brinkley failed to specify "the frequency and duration" of Plaintiff's restroom usage during the workday. (*Id.* at 6.) In contrast, the Commissioner points out that Plaintiff has never alleged a need to use the restroom more frequently throughout the workday than that assessed in the RFC, and there is no substantial evidence in the record that necessitates an RFC

which allows Plaintiff unscheduled restroom breaks. (Def.'s Mem. Supp. Mot. J. Pldgs. [DE #28] at 6–10.) The court agrees with the Commissioner.

The RFC is an administrative assessment of "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis" despite impairments and related symptoms. SSR 96–8p, 1996 WL 374184, at *1 (July 2, 1996); see also 20 C.F.R. § 416.945(a)(1). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96–8p, 1996 WL 374184, at *1. In determining the RFC, the ALJ considers an individual's ability to meet the physical, mental, sensory, and other requirements of work. 20 C.F.R. § 416.945(a)(4). It is based upon all relevant evidence, which may include the claimant's own description of limitations from alleged symptoms. SSR 96–8p, 1996 WL 374184, at *5; 20 C.F.R. § 416.945(a)(3). If necessary, an ALJ must "explain how any material inconsistencies or ambiguities in the evidence were considered and resolved." SSR 96–8p, 1996 WL 374184, at *7.

An ALJ must "include a narrative discussion describing how the evidence supports each conclusion" in the RFC. Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio, 780 F.3d at 636). The ALJ must specifically explain how certain pieces of evidence support particular conclusions and "discuss[ ] . . . which evidence the ALJ found credible and why." Monroe, 826 F.3d at 189 (quoting Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013)). The Fourth Circuit has interpreted this to require an ALJ to "build an accurate and logical bridge from the evidence to [the]

conclusion." *Monroe*, 826 F.3d at 189 (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

"[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion . . . . [M]eaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)). Simply put, this means an ALJ must "[s]how [his] work." *Patterson v. Comm'r of SSA*, 846 F.3d 656, 663 (4th Cir. 2017) (applying same principle to an ALJ's listing analysis). Such analysis—"[h]armonizing conflicting evidence and bolstering inconclusive findings," *Patterson*, 846 F.3d at 662—is a "necessary predicate" to determining whether substantial evidence supports the Commissioner's findings, *Monroe*, 826 F.3d at 189 (quoting *Radford*, 734 F.3d at 295). Where a court is "left to guess about how the ALJ arrived at his conclusions on [a claimant's] ability to perform relevant functions . . . ,, remand is necessary." *Mascio*, 780 F.3d at 637.

On review, Plaintiff cites to numerous portions of the record related to her nausea and diarrhea. (Pl.'s Mem. Supp. Mot. J. Pldgs. at 4–6.) However, Plaintiff cites nothing in the record saying how frequently she would need to the use restroom while at work. (*Id.*) As the Commissioner notes, Plaintiff makes no mention of this issue in any of the three function reports Plaintiff submitted. (Def.'s Mem. Supp. Mot. J. Pldgs. at 8 (citing R. 414–21 (August 2016), 3586–96 (May 2020), 3651–58 (January 2021)).) The third-party function reports submitted by Plaintiff's grandparents (with whom Plaintiff lives) also do not mention this issue. (R. 422–29 (August 2016), 3601–

07 (May 2020), 3642–49 (January 2021).) Plaintiff did not mention this issue during the hearing before ALJ Brinkley. (R. 3255–96.)

This matter is distinguishable from the two cases Plaintiff primarily relies on, *Dowling v. Comm'r of SSA*, 986 F.3d 377, 389 (4th Cir. 2021), and *Taylor v. Astrue*, No. 7:11-CV-162-FL, 2012 WL 3637254, at *11 (E.D.N.C. Aug. 1, 2012), *mem. & recommendation adopted by* 2012 WL 3636923 (E.D.N.C. Aug. 22, 2012). In *Dowling*, the claimant argued that diarrhea and incontinence "caused her to require bathroom breaks at a frequent, and often unpredictable, rate." *Dowling*, 986 F.3d at 389. Similarly, in *Taylor*, the claimant had testified that she needed to use the restroom two to three times per hour. *Taylor*, 2012 WL 3637254, at *11. Here, though, Plaintiff has not identified evidence in the record that is inconsistent with the RFC to the extent that Plaintiff requires more access to a restroom while at work.[1] *See* SSR 96–8p, 1996 WL 374184, at *7. Having reviewed the record, the court finds that

---

[1] Plaintiff's argument that ALJ Brinkley erred because nothing in the record or ALJ Brinkley's discussion of the evidence shows that Plaintiff's diarrhea would occur only during regularly scheduled work breaks risks inverting the burden of production and proof. *See Pass*, 65 F.3d at 1203. It is Plaintiff who must produce evidence showing that she requires more restroom breaks while at work than that assessed by ALJ Brinkley in the RFC.

As the Commissioner notes, the Vocational Expert (VE) testified that, in her experience, a worker would be allowed two additional restroom breaks per workday (totaling approximately 12 to 15 minutes), plus the worker's standard 30-minute lunch break and two 15-minute restroom breaks. (R. 3291, 3293.) So, according to the VE, the jobs identified at step five would still be available to someone with Plaintiff's RFC even if that person needed two extra restroom breaks per workday. Because Plaintiff does not say what type of restroom access she needs, nor is there evidence showing what type of access she needs, Plaintiff has not demonstrated that there is an inconsistency between the RFC and the evidence.

9

substantial evidence supports the ALJ's findings and the ALJ's decision was reached through the application of the correct legal standards.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings [DE #24] is DENIED, Defendant's Motion for Judgment on the Pleadings [DE #27] is GRANTED, and the Commissioner's decision is AFFIRMED.

This 12th day of September 2023.

<span style="text-align:right">_____
KIMBERLY A. SWANK
United States Magistrate Judge</span>